UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

LUELLAN FRENCH,

    Plaintiff,

-vs-                                                      Case No.:

DISCOVER CARD SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, LUELLAN FRENCH, by and through her undersigned counsel, sues the Defendant, DISCOVER CARD SERVICES, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA")

## INTRODUCTION

2. The TCPA was enacted to prevent companies from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force

the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).  See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9.     Venue is proper in this District because the Plaintiff resides in this District (Lee County), the phone calls were received in this District, and the Defendant transacts business in Lee County, Florida.

## FACTUAL ALLEGATIONS

10.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida, and resides in this District.

11.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12.    Plaintiff is an "alleged debtor."

13.    Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14.    Defendant, DISCOVER CARD SERVICES, INC. (hereinafter "DISCOVER"), is a Delaware corporation doing business in the State of Florida.

15.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16.    In early June of 2015, due to a medical condition, Plaintiff became financially unable to pay the bill on her Discover Card.

17.    Shortly thereafter, Defendant began calling Plaintiff on her cellular telephone in an attempt to collect on the debt owed.

18.    On or about June 16, 2015, Plaintiff told Defendant to stop calling her on her cellular telephone.  Despite her request, the debt collection calls from Defendant continued and continue to this day.

19. Plaintiff was not able to keep track of every single call she received from Defendant. However, between the time period of July 30, 2015 through September 28, 2015, Defendant called the Plaintiff two hundred (200) times on her cellular telephone.

20. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone numerous times a day from approximately June 16, 2015 through the present, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the consume debt at issue. Defendant called Plainitff's cellular telephone at least 200 times.

21. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plantiff will testify that when she answered the phone, she heard a pause and a click and then a precorded voice came on the line and said, "One moement please." Then a live representative picked up the line.

22. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after June 16, 2015 was done so after she had revoked consent and without the "prior expressed consent" of the Plaintiff.

23. Plaintiff is the regular user and carrier of the cellular telephone number, (239) ***- 4776, and was the called party and recipient of Defendant's autodialer calls.

24. The autodialer calls from Defendant came from the telephone numbers including but not limited to 614-283-3356. When this numbers are called, a pre-recorded voice answers and says,

4

"Thank you for calling Discover Card.  Your call may be monitored or recorded to ensure quality customer service."

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendants, to permit the cessation of the calls.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond June 16, 2015, when Plaintiff told Defendant to stop calling.

27. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

28. Defendant's corporate policies provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

29. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this complaint.

30. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call people who have revoked consent to be called.

31. Defendant knowingly employs methods and/or has a corporate policy designed to harass and abuse individuals and have set up their autodialers in a manner which makes it virtually impossible for the autodialer calls to stop.

32. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

33. Due to Defendant's constant autodialer calls and demands for payment, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

34. Plaintiff incorporates Paragraphs one (1) through thirty-three (33).

35. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

36. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

37. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

38. Plaintiff incorporates one (1) through thirty-three (33).

39. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

40. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

41. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

42. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com